LaCost *v.* Chicago, Rock Island & Pacific Railroad
Company.

## Opinion delivered May 6, 1918.

Telegraph companies—interstate message—mental suffering.—
A. in Indiana delivered a telegraph message to the Western Union
Tel. Co., addressed to B. at Des Arc, Arkansas. The telegraph
company delivered the message to appellee railway company
(which did a telegraph business between Des Arc and DeValls
Bluff, Ark.) at DeValls Bluff for transmission and delivery to B.
at Des Ark. B. sued appellee for damages due to a negligent de-·
livery of the message. *Held,* the message was an interstate one
and that Kirby's Digest, § 7947, providing for damages for mental
suffering, did not apply.

Appeal from Prairie Circuit Court, Northern Dis-
trict; *Thomas C. Trimble,* Judge; affirmed.

*Emmet Vaughan,* for appellant.

1. It was error to sustain the demurrer. Defendant
was a *railroad company* doing a telegraph business, with
separate tariff schedules along lines wholly within this
State, and not being a telegraph company does not fall
within the purview of the interstate commerce act, or
rules of the Interstate Commerce Commission. Kirby's
Digest, § 7947; U. S. Comp. Stat. 1913, § 8563; Conf.
Rulings Bulletin No. 7, Inter. St. Com., Nov. 1, 1917, p. 94.

2. This is an action for tort within the court's
jurisdiction. Kirby's Digest, § 7947; 171 S. W. 841. 114
Ark. 200, is not analogous.

*Thos. S. Buzbee* and *Geo. B. Pugh,* for appellee.

The message was an interstate message and there
was no liability. Kirby's Digest, § 7949; 114 Ark. 200,
and cases cited.

HUMPHREYS, J. This suit was instituted in the
Prairie Circuit Court by appellant against appellee, to re-
cover damages in the sum of $1,000 for failure to deliver
a telegram, announcing the death of her sister, until 5
o'clock p. m., on the 17th day of January, 1916, which had

been sent to her from Vincennes, Indiana, the day before. It was alleged that appellee was a railroad company doing a telegraph business over its line extending from Searcy to DeValls Bluff, and that its charge for the message from DeValls Bluff to Des Arc was twenty-five cents; that the message was delivered to the Western Union Telegraph Company in Vincennes, Indiana, on the 16th day of January, 1916, by Louis Moyes, brother-in-law of appellant, who paid the Western Union the regular tariff rate, plus twenty-five cents for delivery to appellant at Des Arc, Arkansas; that the message was received at DeValls Bluff at 3 p. m. on said day and immediately transmitted over appellee's local line to Des Arc, where it remained and was not delivered until 5 o'clock p. m. on the 17th; that, had the telegram been delivered promptly, appellant would have gone to Vincennes to see her sister before burial, but, due to the carelessness of appellee in failing to promptly deliver the message, she was deprived of that privilege, and on that account suffered great pain and anguish of mind, which resulted in complete prostration for many days, to her damage in said sum.

A general demurrer was filed to the complaint. The demurrer was sustained and the complaint dismissed, from which judgment of dismissal an appeal has been prosecuted to this court.

It is insisted by appellant that section 8563 of the U. S. Compiled Statutes, 1913, and the Interstate Commerce Rulings of November 1, 1917, Bulletin 7, page 94, do not apply to interstate railroad companies; but that under the act and rulings, messages received in one State to be delivered in another can only be classified as interstate if received and transmitted by *telegraph, telephone* or *cable* companies. This contention is made because railroad companies are not mentioned in the act or rulings. Practically the same question was before this court in the construction of section 7947, Kirby's Digest, known as the "mental anguish statute." It was urged upon the court that because the mental anguish statute

did not specifically designate railroad companies, such companies, though engaged in receiving and transmitting messages, were not included in the act. In construing the statute, this court said: "It is manifest that the Legislature did not use the term 'telegraph companies' in any technical sense, but intended to apply to any corporation or association doing a public telegraph business." The two statutes are very much alike and it would be inconsistent for this court to construe the statutes differently. Furthermore, it is provided by section 7949 of Kirby's Digest that any railroad company operating in this State may, by filing its assent in the office of the Secretary of State, do a telephone or telegraph business. Appellee is correct in the suggestion that a railroad company engaged in such business in the State of Arkansas will be presumed to have complied with the statute. We think an interstate railway company doing a telegraph business comes as clearly within the purview of section 8563, U. S. Compiled Statutes and the Rulings and Regulations of the Interstate Commerce Commission, as if it were a telegraph or telephone company. Under the rulings of the Interstate Commerce Commission, the initial carrier of messages, whose line is wholly within the State, does not come within the purview of section 8563, U. S. Compiled Statutes, by receiving an interstate message and the delivery of same to an interstate carrier of messages, unless it has an arrangement with the interstate company and its connection for through, continuous transmission of the message. This ruling has no application to the message in the instant case, because appellee did not receive the message in Arkansas to be delivered through an interstate carrier of messages and its connection to appellee in another State, under arrangement between the carriers for a through, continuous transmission of the message. The message in the instant case was delivered to an interstate carrier of messages at Vincennes, Indiana, for delivery to appellee in Des Arc, Arkansas, and comes clearly within division "C" of

Interstate Commerce Rulings, Bulletin 7, page 94, which is as follows:

"If two or more lines are connected so that a person within one State, territory or district of the United States, talks with a person at a point within said State, territory or district of the United States, or so that a message is transmitted directly from a point within the State, territory or district of the United States to a point without the same, the transmission of messages in this manner constitutes interstate commerce and brings all the participating lines within the purview of the act."

The message was paid for by the sender and delivered to the Western Union Telegraph Company at Vincennes, Indiana, and addressed to appellant at Des Arc. It was to be delivered by the Western Union Telegraph Company to the addressee at Des Arc over its own, and through connecting lines. It was strictly a message to be directly transmitted from a point in the State of Indiana to a point in Arkansas; or from a point within a State to a point without the State. The message in character was interstate, and, being interstate, is controlled by the rule announced on rehearing in *Western Union Telegraph Company* v. *Compton,* 114 Ark. 200. We can not follow appellant in her contention that the suit is for a tort committed by failing to deliver the message after it was received in Des Arc, Arkansas. The message did not reach its destination within the meaning of the law until it was delivered to the addressee. The ruling of the lower court, to the effect that the message was interstate and that section 7947, Kirby's Digest, was inoperative as a basis for damages, was correct, and the judgment dismissing the complaint is therefore affirmed.